**UNITED STATES BANKRUPTCY COURT**

**District of Delaware**

| | | |
|---|---|---|
| <u>In re</u> | ) | Chapter 11 |
| | ) | |
| **MVK FARMCO LLC, et al., et al.,** | ) | **Case No 23-11721 (LSS)** |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Gerawan Supply, Inc.**

**Case No: 23-11725**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MVK FARMCO LLC, *et al.*,[1] | ) | Case No. 23-11721 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**GLOBAL NOTES AND**
**STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and, together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the Debtors), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), by management of the Debtors, with the assistance of the Debtors' advisors. The Schedules and Statements are unaudited.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of an individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Declaration of John Boken, Interim Chief Executive Officer of MVK FarmCo LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 13] (the "First Day Declaration").

1

The Schedules and Statements have been signed by John Boken, Interim Chief Executive Officer of MVK FarmCo LLC.  Mr. Boken is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Boken relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors.  Mr. Boken has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements.  In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages.  The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**Global Notes and Overview of Methodology**

1.  **Description of the Cases**.  On October 13, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the Bankruptcy Court).  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 97].  The chapter 11 cases are being jointly administered under Case No. 23 11721 (LSS).  The Debtors are managing their businesses and their properties s debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On October 23, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 123].  No trustee or examiner has been

appointed in these chapter 11 cases. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2.    **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3.    **"As Of" Information Date**. To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the asset data of the Debtors as of September 30, 2023, and the liability information herein represents the liability data of the Debtors on September 30, 2023. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts showing for total liabilities exclude items identified as "unknown," "disputed," "contingent," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

4.    **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   (a)    **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   (b)    **Recharacterization**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c)     **Classifications.**   Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)     **Claims Description**.   Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including but not limited to, with respect to claim descriptions and designations.  Listing a claim does not constitute an admission of liability by the Debtor against whom the claim is listed or by any of the other Debtors.

(e)     **Estimates and Assumptions**.   To prepare and file the Schedules and Statements in accordance with the deadline ordered by the Bankruptcy Court in these chapter 11 cases, management was required to make reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

(f)     **Causes of Action**.   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g)     **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been

abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

(h)     **Insiders**.   In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe would be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Parties listed as "insiders" have been included for informational purposes only, and such information may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (e) for any other purpose.

(i)     **Personally Identifiable Information**.   The California Consumer Privacy Act of 2018 (the "CCPA") prevent for-profit entities doing business in California, which includes the Debtors, from disclosing personally identifiable information. The CCPA defines personally identifiable information, in part, as "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household." Violation of the CCPA could subject the Debtors to serious financial penalties or other pecuniary actions. To avoid any conflict with the CCPA and other applicable regulations, the Schedules and Statements do not contain personally identifiable information that is protected by such policies.[3]   Payments made to

---

[3]     The *Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief* [Docket No. 98] (the "Interim Creditor Matrix Order) authorizes the Debtors to redact personally identifiable information that is protected by the CCPA. *See* Interim Creditor Matrix Order, ¶ 5.

non-insider individuals, or liabilities owed to non-insider individuals may have been excluded from the Schedules and Statements.

5.    **Methodology**.

(a)    **Basis of Presentation**.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  For financial reporting purposes, prior to the Petition Date, the Debtors ordinarily prepared consolidated financial statements.   These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

(b)    **Confidential or Sensitive Information**.   There may be instances in which the Debtors deemed it necessary and appropriate to redact certain information due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual.  For example, the Debtors have not listed individual customer accounts receivable balance information as the Debtors consider their customer list to be proprietary and confidential.  The alterations are limited to only what is necessary to protect the Debtor or third party and are consistent with the relief granted under the Interim Creditor Matrix Order.

(c)    **Duplication.**   Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)    **Umbrella or Master Agreements**.  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the

Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.  Additionally, by listing an umbrella or master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreements and their related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims they may have in regard to the severability of such agreements.

(e)    **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.

(f)    **Unexpired Leases**.  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

(g)    **Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values of the Debtors' assets as of September 30, 2023 are reflected on the Schedules and Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of October 13, 2023.  Certain other assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting

purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

(h)     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease, including whether any lease is a true lease or a financing arrangement, and the Debtors reserve all of their rights with respect thereto.

(i)     **Inventory**.  The Debtors' inventory is stated at the lower of cost or net realizable value.  Cost is initially computed using standard cost, which is adjusted to reflect actual cost at least annually or more frequently as necessary.  Costs are recognized as inventory sold on a first-in, first-out basis.  Inventory costs are comprised of material costs, capitalized labor, and overhead.  The Debtors review the carrying value of inventory on a periodic basis for excess inventory quantities and substandard inventory.  If the Debtors determine the quantities exceed the estimated forecast or the expected net realizable value upon sale is lower than the currently recorded cost, the Debtor records a reduction in the inventory costs to reflect the lower net realizable value.  Any adjustments, as required, are included in cost of revenue.

(j)     **Contingent Assets**.  The Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors are continuing to review potential causes of action, and accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages.  Refer to each Statement, Part 3, Question 7, for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

(k)  **Unliquidated Claim Amounts**.  Claim amounts that could not be quantified by the Debtors are scheduled as "unliquidated."

(l)  **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(m)  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules and Statements are inclusive of each Debtor's guarantor obligations.

(n)  **Allocation of Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

(o)  **Paid Claims.**  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (collectively, the "First Day Orders"), the Debtors were authorized to pay, among other things, certain prepetition claims of employees, lien claimants, critical vendors, claimants under section 503(b)(9) of the Bankruptcy Code, claimants under the Perishable Agricultural Commodities Act of 1930, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements.

(p)  **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements and

take such other actions, including the filing of claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(q)    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

(r)    **Intercompany Claims**.  Receivables and payables among and between Debtors and other Debtors are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records as of September 30, 2023.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "Intercompany Transactions") resulting in intercompany payables and receivables (the "Intercompany Claims").  Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 106] (the "Interim Cash Management Order"), the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Interim Cash Management Order), including Intercompany Transactions between Debtors and other Debtors.  To the extent that an Intercompany Claim has been satisfied pursuant to the Interim Cash Management Order, such Intercompany Claim is excluded from Schedule AB and Schedule E/F.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

(s)     **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included on Schedule H for the affected Debtor or Debtors. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

(t)     **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(u)     **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Bankruptcy Court. Certain immaterial assets and liabilities may have been excluded.

(v)     **Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

(w)     **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars ("USD"), which the Company uses as its reporting currency. Unless otherwise

noted, for all amounts not originally listed in USD, the Debtors used conversion rates provided by WSJ Markets as of the Petition Date. One significant exception is the value of prepetition transfers, which were valued using the conversion rates as of the date of such transfer.

(x) **Setoffs**. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may not be included separately in the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

6. **Specific Statements Disclosures**.

**Statements, Part 1, Question 1 – Gross revenue from business.** Revenue for fiscal year 2023 is as of September 30, 2023, and is unaudited and as such could be subject to material adjustments.

**Statements, Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case.** Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates, as further explained in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 5] (the "Cash Management Motion"). As further described in the Cash Management Motion, prior to the Petition Date, in the ordinary course of business, the Debtors engaged in intercompany transactions with one another and with their non-Debtor affiliate, which resulted in the creation of corresponding intercompany payables and receivables. Consequently, all payments to creditors listed in response to Statements, Part 2, Question 3 in each of the Debtors' Statements reflect payments made by MVK FarmCo LLC or one of its Debtor affiliates from operating bank accounts on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System as described in the Cash Management Motion.

Payments to insiders made in the ninety-day period before filing and payments related to bankruptcy in the ninety-day period before filing (and disclosed as part of the one-year period response to Statements, Part 6, Question 11) are not included in

the response to Statements, Part 2, Question 3 – ninety-day payments. There is no overlap or duplication between or among the data presented in response to these disclosures.

Disbursements made on account of multiple invoices may be reflected as a single payment on Statements, Part 2, Question 3.

**Statements, Part 5, Question 10 – Certain losses**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statements, Part 6, Question 11 – Payments related to bankruptcy**. All disbursements listed in Statements, Part 2, Question 11 were initiated and disbursed by Wawona Packing Co. LLC, but were for the benefit of all Debtors.

**Statements, Part 10, Question 20 – Off-premises storage**. The locations listed for off-premises storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Statements, Part 11, Question 21 – Property Held for Another.** The Debtors occasionally hold inventory which a customer has agreed to purchase but for which the customer has not yet paid. Such inventory is not listed in Statements, Part 11, Question 21 and any outstanding balances from the customer are reflected in AR.

**Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider.** The listing of any individual or entity as an insider does not constitute an admission or a final determination that any such individual or entity is or is not an insider. Distributions by the Debtors to their directors and officers are listed in the attachment to Statements, Part13, Question 30.

**Gerawan Supply, Inc.**                                                    **Case Number:**    **23-11725**

| **Part 1:** | Income |
| --- | --- |

### 1. Gross Revenue from business

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
| --- | --- | --- |
| From _____ to _____<br>MM/DD/YYYY        MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**Gerawan Supply, Inc.**          **Case Number:**     **23-11725**

| Part 1: | Income |
|---------|--------|

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____ <br> MM/DD/YYYY    MM/DD/YYYY | _____ | _____ |

**Gerawan Supply, Inc.**                                                    **Case Number:**        **23-11725**

| **Part 2:** | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☑ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
| --- | --- | --- | --- |
| 3.1    NONE | | | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 |
| --- | --- | --- |

**Gerawan Supply, Inc.**                                              **Case Number:**          **23-11725**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|-------------------------------------------------------|-------|--------|--------------------|
| 4.1    NONE | | | |
| | | | |
| | **TOTAL** | $0 | |

| | **TOTAL** | $0 | |
|---|---|---|---|

**Gerawan Supply, Inc.**                                                    **Case Number:**        **23-11725**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |

|  |  |
|---|---|
| **TOTAL** | **$0** |

**Gerawan Supply, Inc.**

**Case Number:**    **23-11725**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|-----------------------------|-------------------------------------|-------------------|----------------|--------|
| 6.1 NONE | | | | $0 |

|  |  |
|--|--|
| **TOTAL** | **$0** |

**Gerawan Supply, Inc.**                                                    **Case Number:**          **23-11725**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---------------------------------|----------------------|------------------------------|----------------|
| 7.1    NONE | | | |

**Gerawan Supply, Inc.**                                                                                      **Case Number:**        **23-11725**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|
| 8.1    NONE | | | | | |

**Gerawan Supply, Inc.**                                                    **Case Number:**        **23-11725**

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
|---|---|---|---|---|
| 9.1    NONE | | | | |

**Gerawan Supply, Inc.** | **Case Number:** | **23-11725**

| **Part 5:** | Certain Losses |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, governtment compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |
| 10.1   NONE | | | | $0 |

|  |  | **TOTAL** | | **$0** |

**Gerawan Supply, Inc.**                                                                                   **Case Number:**        **23-11725**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.1    NONE | | | | | $0 |

**Gerawan Supply, Inc.**                                            **Case Number:**        **23-11725**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|-------------------------|---------|-----------------------------------|---------------------------|----------------------|
| 12.1    NONE | | | | $0 |

**Gerawan Supply, Inc.**                                                    **Case Number:**          **23-11725**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1   NONE | | | $0 |

|  |  | **TOTAL** | **$0** |
|---|---|---|---|

**Gerawan Supply, Inc.**                                    **Case Number:**          **23-11725**

| Part 7: | Previous Locations |
| --- | --- |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
| --- | --- |
| 14.l    NONE | From: _____ To: _____ |

**Gerawan Supply, Inc.**　　　　　　　　　　　　　　　　　　　**Case Number:**　　　**23-11725**

| Part 8: | Health Care Bankruptcies |
|---|---|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1　NONE | | | | ☐ Electronic<br>☐ Paper |

**Gerawan Supply, Inc.**                                                          **Case Number:**          **23-11725**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.  _____

   Does the debtor have a privacy policy about that information?
   ☐ No
   ☐ Yes

Page 1 of 1 to Question 16

**Gerawan Supply, Inc.**                                          **Case Number:**          **23-11725**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

    Yes. Does the debtor serve as plan administrator?

        ☐ No. Go to Part 10.

        ☐ Yes.  Fill in below:

            Describe: _____          EIN: _____

            Has the plan been terminated?

            ☐ No

            ☐ Yes

**Gerawan Supply, Inc.**                                              **Case Number:**          **23-11725**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1   NONE | | | | |

**Gerawan Supply, Inc.**                                                      **Case Number:**        **23-11725**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|
| 19.1   NONE | | | ☐ No<br>☐ Yes |

**Gerawan Supply, Inc.**                                                      **Case Number:**          **23-11725**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1   NONE | | | | ☐ No ☐ Yes |

**Gerawan Supply, Inc.**                                                    **Case Number:**            **23-11725**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**Gerawan Supply, Inc.**　　　　　　　　　　　　　　　　**Case Number:**　　**23-11725**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22.1    NONE | | | |

**Gerawan Supply, Inc.**                                                                                     **Case Number:**        **23-11725**

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23.1   NONE | | | |

**Gerawan Supply, Inc.**                                                              **Case Number:**          **23-11725**

| Part 12: | Details About Environmental Information |
|----------|------------------------------------------|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|-----------------------|------------------------------------|-----------------------------|----------------|
| 24.1   NONE |  |  |  |

**Gerawan Supply, Inc.**                                          **Case Number:**        **23-11725**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☐ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1   SEE ORG CHART PROVIDED IN SCHEDULE AB, PART 4 | | | - |

**Gerawan Supply, Inc.**                                                   **Case Number:**        **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | | | |
|---|---|---|---|---|---|
| 26a.1 | BRAD WEBSTER<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | From: | 3/1/2020 | To: | |
| 26a.2 | DJORDJE SAVIC<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | From: | 4/25/2023 | To: | |
| 26a.3 | JUSTIN BIRCH<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | From: | 4/30/2022 | To: | 5/12/2023 |
| 26a.4 | SARA MCNEELY<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | From: | 12/19/2013 | To: | 4/25/2023 |
| 26a.5 | SERGE LEHENAFF<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | From: | 7/13/2020 | To: | 4/30/2022 |

**Gerawan Supply, Inc.**                                                                    **Case Number:**          **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service |
|---|---|
| 26b.1   KPMG, LLP<br>KPMG LLP DEPT 0922<br>PO BOX 120922<br>DALLAS, TX 75312-0922 | From:      4/6/2017      To: |

**Gerawan Supply, Inc.**                                      **Case Number:**        **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1  BRAD WEBSTER<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | |
| 26c.2  DJORDJE SAVIC<br>7700 N PALM AVE<br>SUITE 206<br>FRESNO, CA 93711 | |

**Gerawan Supply, Inc.**                                                      **Case Number:**        **23-11725**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

## 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| **Name and Address** |
|---|
| 26d.1    SEE NOTE BELOW |

**Specific Notes**

In the normal course of the Debtor's business, financial statements are regularly provided to various lenders, financial institutions, landlords, contract counterparties, and other entities depending upon and in adherence to agreements with each constituent party.

**Gerawan Supply, Inc.**                                    **Case Number:**        **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1    NONE | | | | |

**Gerawan Supply, Inc.**                                                    **Case Number:**          **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1  ANGELOS DASSIOS<br>7700 N PALM AVE<br>STE 206<br>FRESNO, CA 93711 | MEMBER OF THE BOARD OF DIRECTORS OR<br>BOARD OF MANAGERS | |
| 28.2  EDWARD HAFT<br>7700 N PALM AVE<br>STE 206<br>FRESNO, CA 93711 | MEMBER OF THE BOARD OF DIRECTORS OR<br>BOARD OF MANAGERS | |

**Gerawan Supply, Inc.**                                                    **Case Number:**          **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1    NONE | | From: _____  To: _____ |

**Gerawan Supply, Inc.**                                                          **Case Number:**        **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30. Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1   NONE | | | |
| | $0 | | |

|  | TOTAL | $0 |
|---|---|---|

**Gerawan Supply, Inc.**                                                    **Case Number:**          **23-11725**

**Part 13:**          Details About the Debtor's Business or Connections to Any Business

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31. I    MVK FARMCO LLC | EIN:    84-2395947 |

**Gerawan Supply, Inc.**                                                          **Case Number:**          **23-11725**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|---|---|
| 32. I    NONE | EIN: |

**Gerawan Supply, Inc.**                                    **Case Number:**          **23-11725**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:** _____ November 10, 2023 _____


**Signature:**  /s/ John Boken _____          John Boken, Interim Chief Executive Officer
                                                                        **Name and Title**



Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X]  No

[ ]  Yes